| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>DOROTHY BROWN,<br><br>                                        Plaintiff,<br><br>            -against-<br><br>USA TRUCK, INC., and RICHARD<br>HALLOWAY,<br><br>                                        Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED:  _7/10/2019_<br><br><br>19 Civ. 5652 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

    Plaintiff, Dorothy Brown, brings this action against Defendants USA Truck Inc. and Richard Halloway. Compl., ECF No. 1. On June 19, 2019, the Court ordered Plaintiff to show cause in writing, whether this action should be transferred to the United States District Court for the Northern District of Georgia by July 1, 2019. ECF No. 4. The Court warned Plaintiff that if she failed to respond, the Court would transfer the case to the United States District Court for the Northern District of Georgia. *Id.* On July 2, 2019, Plaintiff filed a response. ECF No. 5.

    Plaintiff alleges that venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(1). Ramo Decl. ¶ 2, ECF No. 5-1. However, the requirements of that subsection were not met. 28 U.S.C. § 1391(b)(1) states that "[a] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Here, the Complaint alleges that Defendant USA Truck, Inc. "was, and still is a corporation incorporated pursuant to the laws of Delaware and doing business in the State of New York, with a place of business in the County of Westchester" and Defendant Richard Halloway "was and still is a domiciliary of the state of South Carolina." Compl. ¶¶ 2–3. Because natural persons "reside in the judicial district in which that person is domiciled," 28 U.S.C. § 1391(c)(1), for purposes of determining venue, Defendant Halloway is a resident of

South Carolina. Accordingly, venue is not proper in the Southern District of New York under 28 U.S.C. § 1391(b)(1) because not all Defendants are residents of the State of New York.[1]

Because Plaintiff has failed to demonstrate that venue is proper in the Southern District of New York, the Clerk of Court is directed to (1) terminate the motion at ECF No. 5, and (2) transfer this action to the United States District Court for the Northern District of Georgia where venue is proper pursuant to 28 U.S.C. § 1391(b)(2). *See* ECF No. 4.

SO ORDERED.

Dated: July 10, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Plaintiff's "belief [that] the Defendant, Richard Halloway, has a usual place of abode in the State of New York in Albany County, New York," Ramo Decl. ¶ 4, does not change this conclusion as she does not state that he is domiciled in New York.